## SUPERIOR SMOKELESS COAL & MINING CO. v. BIDWELL et al.

No. 21978. Opinion Filed May 5, 1931.

White & White, for petitioner.

Babb & Bennett, for respondent

KORNEGAY, J. Proceeding to review award of Industrial Commission awarding to claimant compensation for a year's total disability at $18 a week, voluntarily paid prior to the award, and a 75 per cent. disability in the loss of use of the left leg. Latter portion of the award is complained of as being unwarranted by the evidence. This award was made November 18, 1930.

Four doctors and the claimant testified. The breaking of the fibula by coal falling on it was conceded, and liability was conceded, its extent being disputed on the ground of the disability being caused by organic disease rather than physical injury. No suggestion is made that any organic defects contributed to the breaking of the leg.

The claimant was 69 years old when testifying, November 6, 1930. He was hurt February 28, 1929, was a regular loader, and had been for some months, and got $5.50 a day as wages. Dr. Southard was introduced by him. He X-rayed the injured part, November 4, 1930. He thought the disability was 100 per cent. and it was permanent. Party had "arterial sclerosis." He described some of its symptoms, and said party had increased blood pressure and swelling of the feet. Right ankle a little swelled at time, left ankle enlarged. He described the fracture, followed by union and partial ankylosis. There was some discussion of lowering vitality.

Dr. Woodson also testified for claimant, having evidently assisted in the examination of Dr. Sonthard, but he speaks of inflammation of heart muscles. He thought the injury might aggravate the artery hardening and heart muscle inflammation. He was unable to say how long it would take to develop the heart and dropsical trouble. In some individuals it required years, in some not; depending on the individual. There was a bridging. The left ankle was larger than the right. He thought, regardless of the injury, the chronic trouble would have eventually caused swelling of feet and hands. Left foot disability total.

Dr. Wolfman testified for petitioner. He examined patient on March 17, 1930, Wasserman test, urinalysis and X-ray. Small bone fractured and had callus formation, union solid. Had a general arthritic condition, arterial sclerosis, and mild myocarditis. Heart muscle not doing its work. Had shortness of breath, fluid in legs, and dropsy. Not attributable to injury. "The condition is the process of an entire lifetime, or life." Condition of arteries in left leg such that it was the progress of five years or more. Probably 20 or 25 per cent. disturbance by virtue of the fracture, if swelling out—probably not any. The swelling was due to the "general arterial hardening." Some blood poisoning in the leg in 1920 would make it more "susceptible to general arterial hardening." Didn't think him able to work at manual labor regardless of his injury. Callus formation two inches above joint surface.

On cross-examination he stated that persons affected with arterial sclerosis could do manual labor and not know of their trouble till the heart muscle breaks. The colloquy, on page 27 of the record, is as follows:

"Q. If this man was engaged in manual labor, a miner, and worked everyday the mine run up until he received this injury in February, 1929, and then after he recovered he has not been able to work, has this injury contributed to or aggravated that condition? A. Well, it is possible either way. Now, it may have aggravated it. Take a man, at 69, with his heart, it might have broken any time, with or without any injury. Personally, I doubt very much if it is not older than that, but I can't prove it. Q. Beg pardon? A. I really don't believe hard work should hurt a man in the conditions which you state in your hypo-

12

thetical question. Q. If he has worked up to that time, and worked hard, and received this injury and has a long period of healing, would it aggravate that condition, or help it? A. It would aggravate the local condition, and the rest would help his heart. Q. What local condition do you refer to? A. Swollen feet and ankle. Q. Suppose he did not have any swelling in the ankle? A. It is to be supposed that he did have. I am of the opinion that he did have. That's all. If he did not have, that settles it."

Dr. Beville- testified for respondent. He treated claimant in hospital. Remained there three or four weeks. Union good, no extra callus. He did not discover any other malady right at the time, but before he left hospital found .he had myocarditis and arterial sclerosis. If he had not gotten the broken leg, he would not have been able to work. He judged that, owing to the fracture, he would have lost motion 10 to 25 per cent. Use of ankle might have eliminated this, but the dropsical swelling prevented the use.

On cross-examination, he stated he did not discover anything wrong but the broken ankle, because he did not make a thorough examination as he was supposed to make on admission to the hospital. He was in the hospital twice and he could not locate whether it was after the first or second departure.

With this evidence, and the fact of the work of claimant, its kind and character, the Commission fixed the disability in the left leg, arising from its breaking, at 75 per cent. We think they were justified in so doing.

Prior to the leg break the man was strong and able. The break was at a point where there is difficulty in securing a healing that is efficient. It is very close to the ankle joint. There was, at the time of the trial, a loss of movement in the leg, as all conceded. Two doctors thought the injury caused this and practically put it at 100 per cent. disability; two apparently attributed it to arterio-sclerosis, and mild myocarditis resulting in dropsy.

The Commission evidently used their common sense and made due allowance for the opinion of the experts. This they should have done. Under the statute and the ordinary rules of presumption, we should not disturb their findings.

The award is affirmed. The record shows a supersedeas bond was given. The Commission is directed to enforce its award.

LESTER, C. J., and HEFNER, CULLISON, SWINDALL, ANDREWS, and Mc-

NEILL, JJ., concur. CLARK, V. C. J., and RILEY, J., absent.